UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JASON RYAN McDERMOTT,<br><br>  Plaintiff,<br><br>vs.<br><br>STATE OF IDAHO, JONATHAN MEDEMA, PATRICK OWEN, and DANIEL EARL HOSFORD,<br><br>  Defendants. | Case No. 3:19-cv-00432-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The pleading of Plaintiff Jesse Ryan McDermott was conditionally filed by the Clerk of Court due to his status as a prisoner and pauper. Dkts. 1, 5. A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. All prisoner and pauper pleadings must be screened by the Court to determine whether summary dismissal is appropriate. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that state a frivolous or malicious claim, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

After reviewing the pleading, the Court has determined that this entire action is subject to dismissal for failure to state a federal claim upon which relief can be granted.

**REVIEW OF PLEADING AND OTHER FILINGS**

1. **Summary of Allegations**

Plaintiff is an Idaho Department of Correction (IDOC) prisoner being held under an

Idaho state court criminal judgment. He has labeled his federal pleading as an "Independent Action for Fed. R. Civ. P. Rule 60(b)(2) and (3) – Rule 60(d)(3)." Dkt. 1, p. 1. He desires to bring civil rights claims against various persons who were involved in his state criminal matter which resulted in his sentence of incarceration, Case No. HO306621, *State v. McDermott, Hosford, and Wall*.

Defendants Patrick Owen and Jonathan Medema were prosecutors in Plaintiff's original state criminal case. Plaintiff asserts that they engaged in purposeful and malicious activities in the course of the criminal case that amounted to fraud on the court. In particular, they allowed Daniel Earl Hosford, a co-defendant of Plaintiff, to commit perjury during the criminal trial. Because Hosford's testimony was the main evidence for the prosecution's case, it was, in large, part, a major factor in his conviction.

In his Complaint, Plaintiff also asserts that "[c]harging Mr. Hosford with perjury, or simply reversing plaintiff's judgement based on the lack of evidence to support plaintiff's conviction is in the interests of the public because a prosecutor's duty is to insure a [defendant] is tried fairly." Dkt. 2, p. 6 (verbatim).

2. **No Independent Rule 60 Cause of Action**

Federal Rule of Procedure 60(b) applies only to challenge a final *federal* court order or judgment. That Rule does not authorize an "independent" pleading, but instead it must be asserted in the form of a motion in the same federal case number of the challenged final order or judgment. Rule 60(b) never applies as a federal challenge to a *state court* order or judgment. *See, e.g., Scorpio Music (Black Scorpio) S.A. v. Willis*, 2016 WL 29620, at *1 (S.D. Cal. Jan. 4, 2016) (holding that Rule 60(b) and (d) cannot be used to challenge a state

court action in federal court, and relying on the reasoning of *Holder v. Simon*, 384 Fed. Appx. 669 (9th Cir. 2010) (unpublished) ("Rule 60(b) does not provide a basis for subject matter jurisdiction over a claim for relief from a state court judgment."); *see also De Mol v. Grand Canyon Title Agency*, 2010 WL 4269534, at * 1 (D. Ariz. Oct. 25, 2010) (same).

Accordingly, the Court will construe this action as a civil rights complaint under Federal Rules of Civil Procedure 2 and 3 and Title 42 U.S.C. § 1983.

**3. Standard of Law**

To state a plausible claim under 42 U.S.C. § 1983, the civil rights statute, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

A civil rights complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A plaintiff is required to state facts, and not just legal theories, in a complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In *Iqbal*, the Court made clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678. In other words, Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted). If

the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

### 3. Discussion of Claims Against Prosecutors

Federal appellate courts have repeatedly ruled that a prosecutor is entitled to absolute quasi-judicial immunity from liability for damages under 42 U.S.C. § 1983 when the alleged wrongful acts were committed by the prosecutor in the performance of an integral part of the criminal judicial process. *See*, *e.g.*, *Robichaud v. Ronan*, 351 F.2d 533, 536 (9th Cir. 1965); *Imbler v. Pachtman*, 424 U.S. 409 (1976). Tasks that are an integral part of the criminal justice process include initiating and pursuing a criminal prosecution, *Id.*, 424 U.S. at 410, preparing and filing charging documents, *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997), and participating in probable cause hearings, *Burns v. Reed*, 500 U.S. 478 (1991).

In contrast, because the immunity test is based upon function, a prosecutor has only *qualified* immunity for "performing investigatory or administrative functions, or ... essentially functioning as a police officer or detective." *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003) (relying on *Buckley v. Fitzsimmons*). In *Bly-Magee v. California*, 236 F.3d 1014 (9th Cir. 2001), the United States Court of Appeals for the Ninth Circuit extended quasi-judicial immunity for attorneys general for conduct related to their state litigation duties in defending state actors in civil suits.

Here, Plaintiff asserts that, during the course of his criminal case, the prosecutors solicited, suborned, or authorized the false testimony of Plaintiff's co-defendant, Mr. Hosford. It is clear from the case law cited above that selecting witnesses, reviewing their

testimony, and calling them to testify at trial are tasks that prosecutors undertake as an integral part of the criminal justice process. There are no allegations that the prosecutors were acting as police officers or detectives.

Absolute immunity for trial-related work includes even a prosecutor's malicious and dishonest acts that deprive a defendant of liberty. *See Ashelman v. Pope*, 793 F.2d 1072, 1075-78 (9th Cir. 1986). Once it is determined that a state actor as acting in a judicial or quasi-judicial capacity, absolute immunity applies, "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Id.* at 1075. For example, "a conspiracy between judge and prosecutor to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges and prosecutors." *Id*. at 1078. Though it may not seem "fair" to the particular litigants, absolute immunity for judicial officers, including prosecutors, "is justified and defined by the functions it protects and serves, not by the person to whom it attaches." *Forrester v. White*, 484 U.S. 219, 227 (1988).

4. **Witnesses**

It is well established that trial witnesses have absolute immunity for their testimony, regardless of whether it is false. *Briscoe v. LaHue*, 460 U.S. 325 (9th Cir. 1978). In *Franklin v. Terr*, 201 F.3d 1098 (9th Cir. 2000), the United States Court of Appeals for the Ninth Circuit concluded that "the rule of *Briscoe* applies to allegations of conspiracy to commit perjury by someone who has testified as a witness in the proceeding where the perjury took place, or was to take place." *Id*. at 1102; *accord*, *Paine v. City of Lompic*, 265 F.3d 975, 981 (9th Cir. 2001). Where the "alleged conspiratorial behavior is inextricably

tied to [the witness's] testimony," immunity applies. *Franklin*, 201 F.3d at 1102.

Mr. Hosford, a co-defendant, acted as the State's witness in Plaintiff's criminal case. Plaintiff's allegations that Mr. Hosford's testimony was false, or that his testimony was given at the behest of prosecutors, do not affect his absolute witness immunity. This claim is subject to dismissal with prejudice.

### 5. Criminal Prosecution of Witnesses

Plaintiff asks that this Court prosecute Mr. Hosford for perjury. However, the federal court has no factual or legal basis for requesting that the state prosecutors prosecute Mr. Hosford for perjury that occurred in a *state court* proceeding.

In addition, Plaintiff has no constitutional right to have another person criminally prosecuted. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Johnson v. Craft*, 673 F.Supp. 191, 193 (D. Miss. 1987) ("The decision to prosecute a particular crime is within the authority of the state, and there appears to be no federal constitutional right to have criminal wrongdoers brought to justice."). As the Idaho Supreme Court directed, Plaintiff should contact the county prosecutor in the county where the alleged crimes occurred if he desires prosecution.

### 6. State of Idaho

Plaintiff has also sued the state of Idaho. The Eleventh Amendment prohibits a federal court from entertaining a suit brought by a citizen against a state, without a waiver of sovereign immunity. *Hans v. Louisiana*, 134 U.S. 1, 16-18 (1890). The Supreme Court has consistently applied the Eleventh Amendment's jurisdictional bar to states and state entities

"regardless of the nature of the relief sought." *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Moreover, only a "person" may be sued pursuant to 42 U.S.C. § 1983, and a state is not considered a "person" under that statute. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). This claim is subject to dismissal.

7. **Conclusion**

Plaintiff has failed to state a federal claim upon which relief can be granted. Amendment would be futile. Therefore, Plaintiff's pleading and this entire case will be dismissed in its entirety.

## ORDER

**IT IS ORDERED** that Plaintiff's Pleading and Supplemental Brief (Dkt. 1, 2) are DISMISSED for failure to state a federal claim upon which relief can be granted.

DATED: January 28, 2020

David C. Nye
Chief U.S. District Court Judge